IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDA BLOXHAM,

Plaintiff,

v.

LINCOLN GENERAL INSURANCE COMPANY, a Pennsylvania corporation; AMERICAN CLAIMS MANAGEMENT, INC., a California corporation; and DOES 1 through 50, inclusive,

Defendants.

2:09-cv-02575-GEB-EFB

ORDER[*]

On September 22, 2009, Defendant Lincoln General Insurance Company ("Lincoln") filed a motion in which it seeks an order dropping Defendant American Claims Management ("ACM") from the action, or alternatively, severing Plaintiff's claims against ACM. (Docket No. 5.) Plaintiff opposes Lincoln's motion and, on October 13, 2009, moved to remand the action back to the state court in which it was originally filed. (Docket No. 7.) The dispositive issue in both motions is whether the Plaintiff has fraudulently joined Defendant ACM.

[*] This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

I. Background

Plaintiff was in a "vehicular accident" on June 29, 2007 with an "underinsured motorist." (Not. of Removal, Ex. A (Compl., Ex. A)). On or around June 8, 2009, Plaintiff received a "Settlement Agreement and Release" from Defendants which provided that in exchange for $50,000, Plaintiff would release her claims against ACM and Lincoln resulting from the accident. (Compl. ¶ 8; Compl., Ex. A) Plaintiff alleges "she properly executed [the Settlement Agreement and Release], without alteration, and returned it to [D]efendants." (Compl. ¶ 9.) The Defendants, however, have allegedly "failed and refused [to] make payment to [the] [P]laintiff in the agreed upon amount . . . ." (Id. ¶ 11.)

On August 11, 2009, Plaintiff filed a complaint in the Superior Court of the State of California, in the County of Sacramento, alleging against Lincoln, ACM and the Doe Defendants, claims of breach of contract, fraud and deceit, and "breach of the implied covenant of good faith and fair dealing/bad faith." Plaintiff's complaint alleges "[D]efendant ACM . . . was and is the claims management company and/or agent and representative for [Lincoln] and [was] authorized to negotiate and enter into settlement agreements for the benefit and on behalf of [Lincoln] . . . pursuant to an auto insurance policy . . . ." (Compl. ¶ 7.)

On September 15, 2009, Defendant Lincoln removed the action to federal court under 28 U.S.C. § 1441(b) based upon diversity of citizenship jurisdiction. (Not. of Removal ¶ 2.) Lincoln alleges it is a "Pennsylvania Corporation with its principal place of business in the State of Pennsylvania" and Plaintiff "is now and was at the time the State Court action was filed, a resident and citizen of the State

of California." (Not. of Removal ¶¶ 2,5.) While Defendant ACM is a California corporation with its principal place of business in California, Lincoln posits "[t]he citizenship of . . . ACM should be disregarded for purposes of determining . . . [diversity jurisdiction] because [ACM] was fraudulently joined by Plaintiff." (Id. ¶ 6.) Lincoln also alleges that the amount in controversy exceeds $75,000 as Plaintiff seeks to recover $50,000 plus interest for Defendants' alleged breach of contract as well as additional damages for emotional distress, medical expenses, punitive damages, loss of earnings and time off from work, property damage, other economic damages and attorney's fees. (Id. ¶ 10.)

II. Legal Standards

A. Removal

A defendant may remove to federal court "any civil action brought in a State court of which the district courts . . . have original jurisdiction . . . ." 28 U.S.C. § 1441(a). Removal, therefore, is only proper when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083 (9th Cir. 2009)(citations omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)

In this case, Lincoln argues removal is proper based upon diversity jurisdiction. (Not. of Removal. ¶ 2.) Diversity

jurisdiction "requires that the parties be in complete diversity and the amount in controversy exceed $75,000." Matheson, 319 F.3d at 1090; 28 U.S.C. § 1332(a)(1). That is, "the plaintiff's citizenship must be diverse from that of each named defendant." Hudgens v. New York Life Ins. Co., 2009 WL 782312, at *2 (C.D. Cal. Mar. 17, 2009). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson, 319 F.3d at 1090.

B. Fraudulent Joinder

"It is commonplace that fraudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). A non-diverse defendant is "fraudulently joined" if "the plaintiff fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state." Mercado v. Allstate Ins. Co., 340 F.3d 824, 826 (9th Cir. 2003).

The removing party bears the burden of proving that joinder is fraudulent by "clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). Moreover, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in [the] plaintiff's favor." Macey v. Allstate Property and Cas. Ins. Co., 220 F.Supp.2d 1116, 1117 (N.D. Cal. 2002). Therefore, "[i]f there is a non-fanciful possibility that [the] [P]laintiff can state a claim under California law against [ACM] . . . the court must remand" the action to state court. Id.

//

III. Discussion

Lincoln argues ACM has been fraudulently joined since "[u]nder well-established California law, ACM, as an agent of [Lincoln], . . . cannot be held individually liable" for fraud, breach of contract or breach of the implied covenant of good faith and fair dealing. (Mot. to Drop or Sever Claims Against Co-Defendant ACM ("Mot. to Drop") 1.) Plaintiff rejoins that she has stated viable claims under California law against ACM since ACM may be held individually liable for fraud, breach of a contract to which it is a party or where it has undertaken a special duty, or alternatively, ACM may be held individually liable as a joint venturer with Lincoln.

A. Plaintiff's Fraud Claim Against ACM

Lincoln posits that it is well-settled under California law that an agent acting on behalf of a disclosed principal cannot be held individually liable for fraud. (Def.'s Reply In Supp. of Mot. to Drop 8-9.) Plaintiff counters that while "[t]he general rule under California law is that agents are not individually liable for actions taken within the scope of their agency," "there are several exceptions to this general rule," including, "[w]here a claim alleges intentional misrepresentation, or fraud." (Pl.'s Opp'n. to Def.'s Motion to Drop 6.)

The parties' briefs reveal that whether an agent of an insurance company may be held individually liable for fraud under California law is neither "well-settled" nor "obvious." Prior to 2004, most courts applying California law concluded that an agent, acting on behalf of a disclosed principal and within the scope of his agency, could not be held individually liable for fraud. See Good v. Prudential Ins. Co., 5 F.Supp.2d 804, 808 (N.D. Cal. 1998)(holding that agent of insurance

company could not be held liable for fraud under California law); Mannheim v. UnumProvident Corp., 2002 WL 1397142, at *4 (C.D. Cal. Feb. 7, 2002)(same); Campbell v. Allstate Ins. Co., 1995 WL 376926, at *1-2 (C.D. Cal. May 17, 1995)(same); Lippert v. Bailey, 241 Cal.App.2d 376, 382 (1966)(holding that "[l]iability to the . . . insured for acts or contracts of an insurance agent within the scope of his agency, with full disclosure of the principal, rests on the company."). However, in 2004, a California Court of Appeal held that "[l]ike other agents, an insurance company's [agent] may be personally responsible when they commit" the torts of "intentional misrepresentation, or fraud." McNeil v. State Farm Life Ins. Co., 116 Cal.App.4th 597, 603 (2004). Since McNeil, courts applying California law have disagreed as to whether an agent of an insurance company may be held individually liable for fraud. See Mullen v. Rice, 2009 WL 1478100, at *4 (Cal. Ct. App. May 26, 2009)(holding that "[a]n agent making an intentional misrepresentation is personally liable for fraud."); Hudgens v. New York Life Ins. Co., 2009 WL 782312, at *5 (C.D. Cal. Mar. 17, 2009)(holding, that under McNeil, "insurance agents are individually liable to those injured by their intentional misrepresentations"); Stoklosa v. Allstate Ins. Co., 2009 WL 35272, at *3 (N.D. Cal. Jan. 06, 2009)(same); Vazquez v. Superior Access Ins. Services, 2007 WL 1454745, at *8 (Cal. Ct. App. May 18, 2007)(same); but see Cecena v. Allstate Insurance Co., 2005 WL 2893780, at *3 (N.D. Cal. Nov. 2, 2005)(holding, since under California law an insurance agent has no liability for acts undertaken within the scope of his or her agency, plaintiff could not state a claim of fraud against agent). This disagreement among courts, "at the very least demonstrates that California law is ambiguous as to whether an agent may be individually

liable for intentional" misrepresentation or fraud. Hudgens, 2009 WL 782312, at *5 n.15. Since ambiguities in state law must be resolved in favor of the Plaintiff, for purposes of this motion, it must be concluded that under California law, an agent for an insurance company may be held individually liable for fraud.

Because there is a "non-fanciful possibility" that Plaintiff can state a claim of fraud against ACM. ACM has not been fraudulently joined and its citizenship may not be disregarded for purposes of diversity jurisdiction. Accordingly, Lincoln's motion to drop ACM is denied.

Lincoln alternatively seeks to sever Plaintiff's claims against ACM from her claims against Lincoln under Federal Rule of Civil Procedure 21. However, Lincoln's arguments in support of severance presume that ACM was fraudulently joined. As ACM has not been fraudulently joined, Lincoln's motion to sever the claims against ACM is denied.

IV. Conclusion

Since ACM's citizenship may not be disregarded, there is not complete diversity between the Plaintiff and all Defendants and this court lacks subject matter jurisdiction over the action. Plaintiff's motion to remand is GRANTED and the case is remanded to the Superior Court of the State of California, in the County of Sacramento.

Dated: November 25, 2009

GARLAND E. BURRELL, JR.
United States District Judge